IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:25-cr-105 |
| HATEM SALEM, | |
| Defendant. | |

# INFORMATION TO ESTABLISH PRIOR CONVICTION
# PURSUANT TO 21 U.S.C. § 851

The United States of America, by and through its attorneys, Erik S. Siebert, United States Attorney for the Eastern District of Virginia, and Lauren E. Hahn, Special Assistant United States Attorney, hereby files this Information to establish a prior conviction, pursuant to 21 U.S.C. § 851, which raises the statutory mandatory minimum term of imprisonment for Count One of the Criminal Information from 10 to 15 years.

Count One of the Criminal Information charges the defendant with conspiracy to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846.

Prior to committing this offense, the defendant was convicted of a serious drug felony as defined under 18 U.S.C. § 924(e)(2) and 21 U.S.C. § 802(57), to wit: Unlawful Importation of a Listed Chemical (GBL) with Intent to Manufacture a Controlled Substance (GHB), in violation of 21 U.S.C. §§ 952 and 960(d)(1), in the United States District Court for the District of Connecticut (Case Number 3:13CR210) on November 20, 2015. The defendant served a term of imprisonment of more than 12 months for this conviction and was released from said term of imprisonment within 15 years of the commencement of the instant offense. A certified copy of the judgment is

attached to this filing.

This prior conviction is for a "serious drug offense," as defined by 21 U.S.C. § 802(57), in that it is an offense under the Controlled Substances Act (21 U.S.C. § 802, et. seq.), for which a maximum term of imprisonment of ten years or more is prescribed by law. The defendant served in excess of 12 months, and his incarceration concluded within 15 years of the instant offense.

Accordingly, the United States gives notice, pursuant to 21 U.S.C. § 851, that the increased statutory penalties for Counts One and Two of the Criminal Information are: a term of imprisonment of not less than 15 years and not more than life imprisonment, a fine not to exceed $20,000,000, a mandatory $100 special assessment, and at least 10 years of supervised release.

Respectfully submitted,

Erik S. Siebert
United States Attorney

_____/s/_____
Lauren E. Hahn
Special Assistant United States
Attorney (LT)

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

                                         /s/
                                   Lauren E. Hahn
                                   Special Assistant United States Attorney (LT)
                                   United States Attorney's Office
                                   2100 Jamieson Avenue
                                   Alexandria, Virginia 22314
                                   Phone:  703-299-3700
                                   Fax: 703-299-3982
                                   Email: lauren.hahn@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | JUDGMENT |
|---|---|
| V. | CASE NO. 3:13CR210 (RNC) |
| HATEM SALEM | USM: 41722-054 |

FILED 2015 NOV 20 P 3:31 US DISTRICT COURT HARTFORD CT

Government's Counsel:
Rahul Kale
Assistant U.S. Attorney
100 Lafayette Boulevard, 10th Floor
Bridgeport, Connecticut 06604

Defendant's Counsel:
Kelly M. Barrett
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, Connecticut 06510-7005

The defendant pleaded guilty to Count One of the Indictment. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 21 U.S.C. §§ 952 and 960(d)(1) | Unlawful Importation of a Listed Chemical (GBL) with Intent to Manufacture a Controlled Substance (GHB) | October 31, 2013 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court departs to give effect to the plea agreement under U.S. v. Fernandez, 877 F.2d 1138 (2d Cir. 1989). A sentence within the advisory range that applies without the career offender enhancement is sufficient in this case in view of the non-violent nature of the offense, and the defendant's history and characteristics, including his age, employment history and family support.

## IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months.

## RECOMMENDATIONS TO THE BUREAU OF PRISONS

The Court recommends to the Bureau of Prisons that the defendant be designated to serve his term of incarceration at FCI Danbury to facilitate family visits.

## SUPERVISED RELEASE

The defendant will be on supervised release for a term of three years subject to the mandatory and standard conditions of supervised release set forth below. In addition, the following special conditions are imposed:

1. The defendant will participate in a program of mental health evaluation, counseling and treatment under the direction of the Probation Office. The defendant will pay all or part of the costs associated with this treatment based on his ability to pay in an amount to be determined by the Probation Office.

2. The defendant will participate in a program of substance abuse monitoring, evaluation and treatment under the direction of the Probation Office. The defendant will pay all or part of the costs associated with this treatment based on his ability to pay in an amount to be determined by the Probation Office.

3. The defendant will perform community service for a period of 120 hours under the direction of the Probation Office.

4. The defendant will submit his person, residence, office or vehicle to a search, conducted by or on behalf of the Probation Office at a reasonable time and in a reasonable manner, based on reasonable suspicion the search will disclose evidence of a violation of a condition of release.

## MONETARY PENALTIES

The defendant will pay a special assessment of $100.

Count Two is dismissed on the oral motion of the United States.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the fine, restitution, costs and special assessment imposed by this judgment are paid.

DATE:  November 16, 2015
Date of Imposition of Sentence

/s/ Robert N. Chatigny
Robert N. Chatigny, United States District Judge
Date: November 20, 2015

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                  Joseph P. Faughnan
                                                  United States Marshal

By    _____
                                   Deputy Marshal

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE** _____
Roberta D. Tabora, Clerk
BY: _____
    **Deputy Clerk**

I Hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Connecticut.
Date Filed: 11/20/2015
         Dinah Milton Kinney, Clerk
By_____
    Deputy Clerk



Page 4

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ■ (7) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment; or if such notification is not possible, then within five days after such change;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment,</u> (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____     _____
                   **Defendant**                                **Date**

           _____     _____
     **U.S. Probation Officer/Designated Witness**     **Date**